FRED DENNETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11498.    Promulgated August 29, 1927.

*Fred Dennett, Esq.*, pro se.
*Bruce A. Low, Esq.*, for the respondent.

MILLIKEN: This proceeding results from the determination of a deficiency in income tax for the calendar year 1923, amounting to $94.04.

Petitioner avers error was committed with reference to the disallowance by respondent of a deduction amounting to $1,245, for traveling expenses of the wife of petitioner on a trip to Seattle, Wash., to attend to business affairs in connection with real estate located at Seattle, the property of petitioner and his wife.

Petitioner and his wife formerly lived in Seattle, Wash. They have resided in Washington, D. C., since 1907. They filed a joint return for 1923.

In 1905 or 1906 they acquired real estate in Seattle, Wash. A slump in the real estate market occurred in 1907 and thereafter petitioner experienced great difficulty in managing their property, and in protecting their interests therein. Taxes and assessments for

paving, sidewalks and sewers were a heavy drain on their finances. The services of agents were very unsatisfactory. In 1922 it was determined that the wife of petitioner should visit Seattle and canvass the situation with a view to bettering conditions, and she proceeded to Seattle, going via San Francisco, Calif. She arrived in Seattle on August 11, 1922, and remained there until March 14, 1924. The property they owned was described as follows:

Lots 11 and 12, Block G, W. N. Bell's 4th addition, unimproved, no paved road in front and surface 20 ft. above grade, two small fractions of lots Block 6J, D. T. Denny's Park Addition, with small old buildings thereon hard to rent because of their age.

North 52 ft. lot 3, Block 3, Eden's addition, with one old, small building thereon, surface 18 to 20 ft. above grade.

Lot 4, Block 3, Eden's Addition, unimproved, surface 18 to 20 ft. above grade.

Lot 4, Block 80, Gilman's addition, surface 18 to 20 ft. above grade.

Lot 19, Block 146, Gilman's addition, surface 18 to 20 ft. above grade.

Lot 20, Block 146, Gilman's addition, surface 18 to 20 ft. above grade.

South 40, lot 3, Block 51, Nagle's 2nd [sic].

Mrs. Dennett made an exhaustive investigation of conditions in Seattle, interviewed real estate dealers, city officials and business men whom she believed were informed of actual conditions. Although advised to abandon some of the property and not to improve other property, Mrs. Dennett actively persisted in her investigations and interviews. She found a prospective tenant for a store building which she planned to erect on lot 3, Block 51, Nagle's Subdivision, whereupon she determined questions of cost, style of buildings, method of procedure, business conditions and probabilities, secured the drafting of a set of plans, invited bids, considered the bids, and received and awarded the contract. She then engaged actively in the superintendence of the construction, and after a great deal of trouble with the builder she engaged the services of an architect to assist in the superintendence. Upon completion of the building she supervised the letting of it. Mrs. Dennett was next employed in securing the support and acquiescence of property owners in the passage by the city council of an ordinance providing for the paving of Second Avenue where it bounded lots 10, 11, and 12, Block G, W. N. Bell's Addition. She was successful after great trouble and effort. The ordinance was passed and the paving constructed. Mrs. Dennett then was active in devising an economical method of leveling the lots. She secured bids, awarded the contract and superintended the work, having located a tenant for one-half of the area to take possession after the grading was completed. Mrs. Dennett occupied herself actively with community meetings and sessions of the city council. The entire year 1923 was thus occupied. Mrs. Dennett's trip was entirely in the interest of the property and not for visiting friends and relatives. Mrs. Dennett stopped at the

Calhoun Hotel, where the charges for rooms were from $30 per week up.

The wife of petitioner paid or incurred during the calendar year 1923, ordinary and necessary expenses including meals and lodging, amounting to at least $1,125.50, which are properly allowable as a deduction by petitioner from income under section 214 (a) (1) of the Revenue Act of 1921.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by PHILLIPS, MARQUETTE, and VAN FOSSAN.